UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEAN-MICHEL APPOLON                                                     21-cv-00923 (DG)(JRC)

                Plaintiff,                                                **AMENDED COMPLAINT**

   -against-                                                                  **JURY DEMAND**

THE CITY OF NEW YORK, DETECTIVE MORAND
[Shield # 3999], DETECTIVE MAX G. ROLFFOT
[Shield # 3178] AND JOHN DOE (the name John Doe
being fictitious as the true names are presently unknown),

              Defendants.
------------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, The City of New York, Detective Morand, Detective Max G. Rolffot and John Doe, upon information and belief alleges as follows:

## INTRODUCTION

      1.      This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2.      Plaintiff seeks monetary damages for the false arrest, false imprisonment and use of excessive and unnecessary force against plaintiff by defendants, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

6. Plaintiff, a black male of full age, is a resident of the City of New York, County of Kings and State of New York.

7. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief, Defendants Detective Morand, Detective Max G. Rolffot and John Doe were police officers employed by defendant City of New York.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

10. All conditions precedent to filing of this action have been complied with; plaintiff filed timely notice of claim against the City, in compliance with General Municipal Law Section

50. The said Notice of Claim was assigned claim number 2019PI034124.

11. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

12. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## STATEMENT OF FACTS

13. On November 20, 2019, at approximately 9:30 a.m., plaintiff was arrested at his home by defendants Max G. Rolffot and John Doe who were in plain clothes and who advised plaintiff that they were at his home to arrest him at the request of defendant Detective Morand.

14. On said date and time, plaintiff had just returned from a hardware store where he bought materials for construction work being done at his house.

15. As plaintiff arrived in front of his house, defendants Max G. Rolffot and John Doe, both in plain clothes, came out of a car from across the street and approached plaintiff in front of his house. The officers told plaintiff that Detective Morand had instructed them to bring plaintiff to the precinct.

16. Plaintiff advised the officers that both he and his attorney had spoken to Detective Morand several times about a civil matter between plaintiff and one Robert Garrick relating to premises rented from plaintiff by Garrick.

17. Plaintiff explained to defendants Max G. Rolffot and John Doe that he had entered into a rental agreement with Garrick and had received certain payment from him by check; that Garrick had paid the security deposit plus four months' rent in advance and received the keys to the apartment from plaintiff.

18. Plaintiff further explained to the officers that days after receiving the keys to the

apartment, Garrick claimed to have changed his mind about renting the apartment and demanded that plaintiff return the rental monies he had paid to plaintiff.

19. And plaintiff informed the officers that he refused to return the rental payments to Garrick because the rental transaction had been completed and the keys to the apartment had been collected by Garrick.

20. Plaintiff told the officers that his dealings with Garrick and any disagreements or misunderstandings arising therefrom were a civil matter, not criminal or police matter.

21. The officers told plaintiff that Detective Morand had asked that they must bring plaintiff to the precinct.

22. Plaintiff asked to be allowed to go inside his home to advise his wife that he was being arrested. The officers followed plaintiff into his home.

23. While inside his home with the officers, plaintiff showed them the rental application, canceled check, receipts and other documents relating to the rental transaction he had with Garrick for which plaintiff was being arrested.

24. Notwithstanding plaintiff's explanations and the prior information provided by his attorney to Detective Morand, the officers went ahead and arrested plaintiff inside his home.

25. Plaintiff was handcuffed to his back and searched by the officers.

26. Thereafter, plaintiff was transported to the 70th precinct and held in a holding cell.

27. After being detained for more than ten hours at the precinct, another detective asked plaintiff why he was being held in their cell. Plaintiff told him that he was being held for a tenancy issue he had with one Garrick.

28. Then plaintiff overheard that detective telling Detective Morand over the phone that he was going to release plaintiff because the tenancy issue between plaintiff and Garrick was a

civil matter and that they had no reason for arresting and detaining plaintiff.

29. Thereafter, plaintiff was released and was advised that his arrest would be voided

30. At the time of his arrest and detention, plaintiff was lawfully at his residence. Plaintiff did not engage in any conduct which would justify a police intrusion on his right to privacy and quite enjoyment of his home.

31. Before and at the time plaintiff was unlawfully arrested, seized, and searched by the police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his arrest without a warrant was completely unjustified, in that it was made without reasonable suspicion or probable cause.

32. Plaintiff suffered physical injuries, including injury to his wrists. Moreover, plaintiff suffered emotional distress and mental anguish and psychological trauma as a consequence of the assault and battery, and as a result of his false arrest and imprisonment by defendant officers.

33. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

34. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

35. The Plaintiff has no other adequate remedy at law but for this action.

**AND AS FOR A FIRST CAUSE OF ACTION:**
**42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT**

36. Plaintiff reiterates paragraphs 1 through 35 and incorporates such by reference

herein.

37. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

38. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates such by reference herein.

40. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

41. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

42. Plaintiff reiterates paragraphs 1 through 41 and incorporates such by reference herein.

43. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

44. The defendant City, through its police department, the NYPD, has developed and

maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

45. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

46. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

47. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

48. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a) The determination of probable cause to make an arrest;

(b) The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d)  The very limited circumstances under which a warrantless search may be carried out.

49. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

50. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

51. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

52. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

53. As a result of inadequate training of police officers on the practical meaning of

probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

54. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

55. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

**AND AS FOR A FOURTH CAUSE OF ACTION:**
<u>**NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 5, 6, 8, 11 & 12**</u>

56. Plaintiff reiterates paragraphs 1 through 55 and incorporates such by reference herein.

57. By arresting and detaining plaintiff without probable cause or reasonable suspicion and assaulting plaintiff, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

58. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

59. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and

with the specific intent to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

60. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A FIFTH CAUSE OF ACTION: PENDENT CLAIM OF ASSAULT AND BATTERY

62. Plaintiff reiterates paragraphs 1 through 61 and incorporates such by reference herein.

63. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included forcefully grabbing him without cause. The use of physical force against plaintiff was willful and unwarranted.

64. By reason of and as a consequence of the assault detailed above, plaintiff suffered severe and serious physical and mental injuries.

### AND AS FOR A SIXTH CAUSE OF ACTION: PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

65. Plaintiff reiterates paragraphs 1 through 64 and incorporates such by reference herein.

66. Plaintiff was wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by defendant officers.

67. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

68. The wrongful, unjustifiable, and unlawful arrest, detention and imprisonment of plaintiff was carried out without a warrant.

69. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

70. At all relevant times, the defendant officers were employees of the defendant City and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

71. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
      October 18, 2021

                                      /s/
                               Philip Akakwam
                               Law Office of Philip Akakwam, P.C.
                               Attorneys for the Plaintiff
                               303 Livingston Street, 2nd Floor
                               Brooklyn, N.Y. 11217
                               (718) 858-2488

21-cv-00923 (DG)(JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEAN-MICHEL APPOLON

                              Plaintiff,

   -against-

THE CITY OF NEW YORK, DETECTIVE MORAND
[Shield # 3999], DETECTIVE MAX G. ROLFFOT
[Shield # 3178] AND JOHN DOE (the name John Doe
being fictitious as the true names are presently unknown)

                              Defendants

---

## AMENDED COMPLAINT

---

LAW OFFICE OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

---

Service of a copy of the within is hereby admitted.

Dated: